[No. 7028.  Decided February 27, 1908.]

W. E. LARSON, *Appellant*, v. J. B. LORER, *Respondent.*[1]

APPEAL—REVIEW—VERDICT. A general verdict for a defendant, in an action on a contract, will not be set aside upon appeal where there was a direct conflict of evidence upon an affirmative defense as to a mutual rescission of the contract.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered May 14, 1907, upon the verdict of a jury rendered in favor of the defendant, in an action for a broker's commissions for the sale of real estate. Affirmed.

*Sturdevant & Bailey* and *I. N. Smith*, for appellant.

*Elmer E. Halsey* and *Ben F. Tweedy*, for respondent.

MOUNT, J.—The appellant, a real estate broker, brought this action to recover commissions for an alleged sale of certain farm lands for the respondent. The complaint alleged a written contract for commissions between appellant and respondent, a sale of the respondent's land, and a refusal on the part of the respondent to pay the commission. The answer admitted the making of the contract, but denied all the other allegations of the complaint. As a further defense, the answer alleged that appellant and respondent mutually rescinded the written contract, and that subsequently respondent exchanged his farm land for another farm without the aid of appellant. The affirmative allegations of the answer were denied. Upon these issues, and others not necessary to mention, the case was tried to the court and a jury. The result was a verdict for respondent. The plaintiff appeals.

The appeal is based upon the contention that the evidence is insufficient to justify the verdict. The appellant makes no claim that there was any error in the admission or rejection of evidence, or that any error was committed by the trial

[1]Reported in 94 Pac. 109.

court in instructing the jury. .From an examination of
the evidence brought here, we find that there was a direct con-
flict in the evidence as to whether a mutual rescission of the
contract for commissions had taken place between appellant
and respondent before the sale or exchange of the property
by the respondent. If there was such rescission, of course
there could be no recovery upon the contract. This question
under the evidence was exclusively for the jury, which might
well have found, and which we think did find, in favor of the
defendant that there was such rescission. In the absence of
a negative finding upon this question, we cannot assume that
the jury considered other questions, for if there was a re-
scission, as alleged, it was not necessary for the jury to con-
sider the other questions in the case. The question of rescis-
sion being a question of fact, and properly presented to the
jury, controls the case. The judgment must therefore be
affirmed.

HADLEY, C. J., CROW, ROOT, and FULLERTON, JJ., concur.